UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES LUDWIG,<br><br>                              Petitioner,<br><br>v.<br><br>JAMES H. HILL, Warden,<br><br>                              Respondent. | Case No.: 25cv1507 JES (VET)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO FILE MOTION AND SUPPORTING DOCUMENTS UNDER SEAL;**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE; AND**<br><br>**(3) DENYING MOTION FOR SENTENCE REDUCTION** |

Kenneth James Ludwig ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and has paid the $5.00 filing fee. ECF Nos. 1, 1-3. Petitioner seeks to modify or vacate his state criminal sentence and seeks a grant of compassionate release from state custody based on his medical condition. ECF No. 1 at 1–5. Petitioner has also lodged with the Court a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), accompanied by several attachments in support of that motion, all of which he requests to file under seal.

The Court first addresses Petitioner's request to file the motion and attachments in support under seal. Upon review of the proposed sealed materials, it is evident those documents contain personal medical and identifying information, and the Court in its discretion and inherent authority finds it reasonable and appropriate to file these materials in the manner requested. Accordingly, the Court **GRANTS** Petitioner's request to file the motion for sentence reduction and supporting materials under seal and **DIRECTS** that those materials be filed and docketed under seal in the instant case.

Turning to the instant habeas Petition, although Petitioner filed this action pursuant to 28 U.S.C. § 2241, because he is a state prisoner attacking the validity of a state sentence, he may not proceed under § 2241. Instead, any federal habeas challenge to Petitioner's current detention is properly brought under 28 U.S.C. § 2254. As the Ninth Circuit has explained:

> Section 2254 is properly understood as "in effect implement(ing) the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (additional citations omitted)). If Petitioner seeks to challenge the constitutionality of his current detention in federal court, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not 28 U.S.C. § 2241.[1]

Finally, with respect to Petitioner's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the statute at issue allows for modification or reduction of a *federal* prisoner's sentence in cases where "extraordinary and compelling reasons warrant such a

---

[1] On May 5, 2025, Petitioner previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in this district seeking this same relief, and in a May 14, 2025, Order, District Judge Montenegro dismissed that action and apprised Petitioner that he may not proceed under § 2241, only § 2254. *See* ECF Nos. 1, 2 in S.D. Cal. Case No. 25-cv-1144-RBM-DDL.

reduction" or where certain other circumstances are met. *See* 18 U.S.C § 3852(c)(1)(A)(i)-(ii). Yet, Petitioner acknowledges that he is a state, not a federal, prisoner. *See e.g.* ECF No. 1 at 1 ("Petitioner is a state prisoner currently held under the authority of the California Department of Corrections and Rehabilitation (CDCR).") Because Petitioner is a state prisoner serving a state sentence, he fails to demonstrate this statute is applicable to his situation.[2] Thus, for the same reasons Petitioner cannot proceed under 28 U.S.C. § 2241, Petitioner's motion under 18 U.S.C. § 3582(c)(1)(A) must be denied.

Accordingly, for the reasons discussed above, the Court **GRANTS** Petitioner's request to file the motion for sentence reduction and supporting materials under seal, **DIRECTS** that those materials be filed and docketed under seal in the instant case, **DISMISSES** this case without prejudice and **DENIES** the motion for sentence reduction.[3]

**IT IS SO ORDERED.**

---

[2] In the May 14, 2025, Order, in Petitioner's prior section 2241 case, District Judge Montenegro also similarly distinguished 18 U.S.C. § 3852(c)(1)(A) from the Petitioner's situation, noting that "Congress only authorized federal courts to grant compassionate release to *federal* prisoners when 'extraordinary and compelling reasons' warrant a reduction in sentence, *see* 18 U.S.C. § 3582(c)(1)(A)(i), and Petitioner is not a federal inmate serving a federal sentence." *See* ECF No. 2 at 1–2 in S.D. Cal. Case No. 25-cv-1144-RBM-DDL.

[3] On May 5, 2025, Petitioner also filed a habeas petition pursuant to 28 U.S.C. § 2254 in this district. *See* ECF No. 1 in S.D. Cal. Case No. 25-cv-1151-AJB-KSC. On May 8, 2025, District Judge Battaglia dismissed that Petition without prejudice for "failure to satisfy the filing fee requirement, failure to state a cognizable federal claim and failure to allege exhaustion of state judicial remedies," and directed that if Petitioner wished to reopen and proceed with that case, he must submit both "(1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order and (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee," no later than July 7, 2025. *See* ECF No. 2 at 5 in S.D. Cal. Case No. 25-cv-1151-AJB-KSC.

1
2    Dated:  June 17, 2025

3
4                                                    Honorable James E. Simmons Jr.
                                                     United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28